**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Eyallia Lewis, individually, and on behalf of all others similarly situated, <br><br>    Plaintiff, <br><br>  vs. <br><br>Maplebear, Inc. d/b/a Instacart, <br><br>    Defendant. | Case No. _____ <br><br> **CLASS ACTION** <br><br> **COMPLAINT** <br><br><br> **DEMAND FOR JURY TRIAL** |

**PRELIMINARY STATEMENT**

Now comes Plaintiff, Eyallia Lewis ("Plaintiff"), on behalf of herself and all others similarly situated, through counsel, and pursuant to Fed. R. Civ. P. 23, against Defendant Maplebear, Inc. d/b/a Instacart ("Instacart"), to redress and curtail Defendant's unlawful collections, obtainments, use, storage, and disclosure of Plaintiff's sensitive and proprietary biometric identifiers and/or biometric information (collectively referred to herein as "biometric data" and/or "biometrics"). Plaintiff alleges as follows upon personal knowledge as to herself, her own acts and experiences and, as to all other matters, upon information and belief including investigation conducted by her attorneys.

**NATURE OF THE ACTION**

1. Defendant Maplebear, Inc. is a Delaware corporation which operates as Instacart, an online, "app-based" food and grocery delivery platform.

2. Plaintiff worked for Instacart as a "Shopper" from 2017 through 2023.

- 1 -

3. To be a Shopper for Instacart, Plaintiff was required to upload a picture of her face taken on her cell phone to be her profile image to server as her "avatar" as well as a picture of her government issued identification.

4. Instacart then requires Plaintiff and all its Shoppers to take verification photos on their cell phones at regular intervals when they are working through the Instacart app:



5. Instacart then performs a facial geometry analysis of Plaintiff's and its Shoppers' verification photos, avatars, and government issued identification to verify the identity of Plaintiff and its Shoppers.

6. Instacart collects, stores, possesses, otherwise obtains, uses, and disseminates its Shoppers' biometric data to, amongst other things, further enhance Instacart and its online "app-based" platform.

7. Instacart wrongfully profits from the facial scans it has collected or otherwise obtained from its Shoppers.

8. Facial geometry is a unique, permanent biometric identifier associated with each Shopper that cannot be changed or replaced if stolen or compromised. Instacart's unlawful collection, obtainment, storage, and use of its Shopper's biometric data exposes them to serious and irreversible privacy risks. For example, if Instacart's database containing facial geometry scans or other sensitive, proprietary biometric data is hacked, breached, or otherwise exposed, Instacart Shoppers have no means by which to prevent identity theft, unauthorized tracking or other unlawful or improper use of this highly personal and private information.

9. The Illinois legislature enacted BIPA to protect residents' privacy interests in their biometric data. *See Heard v. Becton, Dickinson & Co.*, 440 F. Supp. 3d 960, 963 (N.D. Ill. 2020), citing *Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186, 432 Ill. Dec. 654, 129 N.E.3d 1197, 1199 (2019).

10. Courts analogize an individual's privacy interest in their unique biometric data to their interest in protecting their private domain from invasion, such as from trespass. *See Bryant v. Compass Group USA, Inc.*, 958 F.3d 617, 624 (7th Cir. 2020), as amended on denial of reh'g

and reh'g *en banc*, (June 30, 2020) and opinion amended on denial of reh'g *en banc*, 2020 U.S. App. LEXIS 20468, 2020 WL 6534581 (7th Cir. 2020).

11. In recognition of these concerns over the security of individuals' biometrics – particularly in the City of Chicago, which has been selected by major national corporations as a "pilot testing site[] for new applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias" (740 ILCS 14/5(b)) – the Illinois Legislature enacted the BIPA, which provides, *inter alia*, that a private entity like Instacart may not obtain and/or possess an individual's biometrics unless it: (1) informs that person in writing that biometric identifiers or information will be collected or stored; (2) informs that person in writing of the specific purpose and length of term for which such biometric identifiers or biometric information is being collected, stored and used; (3) receives a written release from the person for the collection of his or her biometric identifiers or information; and (4) publishes publicly-available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a)-(b).

12. The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id*.

13. Specifically, upon information and belief, Instacart has created, collected, and stored thousands of "face templates" – highly detailed geometric maps of the face –from thousands of Illinois residents whose verification photos and state-issued IDs were collected by Instacart.

Each face template that Instacart extracts is unique to a particular individual in the same way that a fingerprint or voiceprint uniquely identifies a particular individual.

14. Instacart is a "private entity" as that term is broadly defined by BIPA and Instacart is subject to all requirements of BIPA. *See* 740 ILCS § 14/10.

## JURISDICTION AND VENUE

15. This is a Class Action Complaint for violations of the Illinois Biometric Information Privacy Act (740 ILCS 14/1 *et seq.*) brought pursuant to Fed. R. Civ. P. 23 seeking statutory and actual damages.

16. Venue is proper in this Court because a substantial amount of the acts and omissions giving rise to this action occurred within this judicial district.

17. This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because Plaintiff and the proposed class members are all residents of Illinois, Instacart is domiciled in another state and the amount in controversy exceeds $75,000.

18. This Court has jurisdiction over this dispute pursuant to the Class Action Fairness Act ("CAFA") because the prospective class includes over 100 people and the amount in controversy exceeds $5,000,000.

19. At all relevant times, Plaintiff and the proposed Class are residents of the state of Illinois and the violations of BIPA as detailed herein occurred while Plaintiff and the proposed Class were located in Illinois.

20. At all relevant times, Instacart is incorporated under the laws and jurisdiction of Delaware, and Instacart's principal place of business is located at 50 Beale St., Suite 600, San Francisco, California 94105.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

21. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

22. Plaintiff worked as an Instacart Shopper and had her biometric information collected and stored by Instacart within the five years immediately preceding the filing of this action.

23. To be a Shopper for Instacart, Plaintiff was required to upload a picture of her face taken on her cell phone to be her profile image to server as her "avatar" as well as a picture of her government issued identification.

24. Instacart then requires Plaintiff and all its Shoppers to take verification photos on their cell phones at regular intervals when they are working through the Instacart app:

25. Instacart then performs a facial geometry analysis of Plaintiff's and its Shoppers' verification photos, avatars, and government issued identification to verify the identity of Plaintiff and its Shoppers.

26. In other words, Instacart collected and retained biometric information for the purpose of verifying Plaintiff's identity.

27. Instacart again collected and retained biometric information for the purpose of verifying Plaintiff's identity at regular intervals while Plaintiff worked Instacart as a Shopper.

28. At all relevant times, Instacart had no written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric information when the initial purpose for collecting or obtaining such biometric information has been satisfied or within 3 years of the individual's last interaction with Instacart, whichever occurs first.

29. Ostensibly, the purpose of Instacart's collection of Plaintiff's facial geometry was to verify Plaintiff's identity prior to Plaintiff's logging on to the app to work as a Shopper for Instacart at any given time.

30. As such, Plaintiff's verification photos should have been permanently destroyed by Instacart immediately following each verification of Plaintiff's identity.

31. Moreover, Plaintiff's uploaded state issued identification and profile image should have been permanently deleted no later than time that Plaintiff ceased working for Instacart as a Shopper

32. However, Instacart failed to permanently destroy Plaintiff's facial geometry as required by law:

> **c. Retention and destruction of profile information**
> Profile Images are retained for three years after the end of a Shopper's engagement with Instacart or as permitted by law. Verification Images are stored for 30 days after creation. Note that Instacart also stores a copy of the Profile Image in each Shopper's user profile until it is deleted by Instacart. Instacart does not use this copy for biometric verification purposes.

33. In fact, Instacart's retention and destruction policy makes no mention of when it will destroy its Shopper's facial geometry data, makes no mention of when Instacart will permanently destroy its Shopper's government issued ID images, and concedes that Instacart retains verification photos for thirty (30) days beyond the satisfaction of the initial purpose of collecting the same.

34. As such, Instacart's retention of Plaintiff's biometric information was unlawful and in violation of 740 ILCS § 14/15(a).

35. Instacart did not inform Plaintiff in writing that Instacart was collecting or storing her biometric information.

36. Instead, Instacart simply instructed Plaintiff to upload her state issued identification form, avatar photograph, and periodic verification photos as part of the onboarding and day-to-day job duties working as Shopper for Instacart.

37. Moreover, Instacart did not inform Plaintiff in writing of the specific purpose and length of term for which her biometric information was being collected, stored, and used.

38. Instacart collected, stored, and used Plaintiff's biometric information without ever receiving a written release executed by Plaintiff in which she consented to or authorized Instacart to do same.

39. Instacart collected, stored, and used Plaintiff's biometric information without ever receiving Plaintiff's informed consent to do same.

40. Instacart has sold, leased, traded, or otherwise profited from Plaintiff's biometric information. 740 ILCS § 14/15(c).

41. Any and all revenue or profits which Instacart obtained as a result of Plaintiff's working for Instacart as a Shopper were predicated upon Plaintiff providing Instacart with her biometric information and Instacart's storage or retention of same.

42. Additionally, Instacart disclosed, redisclosed, or otherwise disseminated Plaintiff's biometric information (1) without Plaintiff's consent; (2) without Plaintiff's authorization to complete a financial transaction requested or authorized by Plaintiff; (3) without being required by State or federal law or municipal ordinance; or (4) without being required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

43. Upon information and belief, Instacart disclosed, redisclosed, or otherwise disseminated Plaintiff's biometric information to numerous third parties.

44. Instacart's collection and retention of biometric information as described herein is not unique to Plaintiff and is instead part Instacart's policies and procedures which Instacart applies to all of its Shoppers, including the Class Members.

## RULE 23 CLASS DEFINITION AND ALLEGATIONS

45. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

46. Plaintiff brings Claims for Relief in violation of BIPA as a class action under Rule 23(a), (b)(2) and (b)(3). Plaintiff brings these claims on behalf of herself and all members of the following Rule 23 Class:

> **All Illinois residents who had their biometric information collected by Maplebear, Inc. d/b/a Instacart at any point in the five (5) years preceding the filing of this Complaint (the "Class Members").**

47. In the alternative, and for the convenience of this Court and the parties, Plaintiff may seek to certify other subclasses at the time the motion for class certification is filed.

48. **Numerosity (Rule 23(a)(1))**. The Class Members are so numerous that joinder of all members is impracticable. Plaintiff is informed and believes that there are more than 1,000 people who satisfy the definition of the Class.

49. **Existence of Common Questions of Law and Fact (Rule 23(a)(2))**. Common questions of law and fact exist as to Plaintiff and the Class Members including, but not limited to, the following:

   a. Whether Instacart possessed Plaintiff's and the Class Members' biometric identifiers or biometric information without first developing a written policy, made available to

the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with Instacart, whichever occurs first.

      b.      Whether Instacart collected, captured, purchased, received through trade, or otherwise obtained Plaintiff's and the Class Members' biometric identifiers or biometric information, without first: (1) informing Plaintiff and the Class Members in writing that a biometric identifier or biometric information is being collected or stored; (2) informing Plaintiff and the Class Members in writing of the specific purpose and length of term for which their biometric identifiers or biometric information was being collected, stored, and used; and (3) receiving a written release executed by Plaintiff and the Class Members

      c.      Whether Instacart sold, leased, traded, or otherwise profited from Plaintiff's and the Class Members' biometric identifier or biometric information.

      d.      Whether Instacart disclosed, redisclosed, or otherwise disseminated Plaintiff's and the Class Members' biometric identifiers or biometric information (1) without Plaintiff's and the Class Members' consent; (2) without Plaintiff's and the Class Members' authorization to complete a financial transaction requested or authorized by Plaintiff and the Class Members; (3) without being required by State or federal law or municipal ordinance; or (4) without being required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction.

      e.      The damages sustained and the proper monetary amounts recoverable by Plaintiff and the Class Members.

      50.      **Typicality (Rule 23(a)(3))**. Plaintiff's claims are typical of the Class Members' claims. Plaintiff, like the Class Members, had her biometric identifiers and biometric information

collected, retained or otherwise possessed by Instacart without Instacart's adherence to the requirements of BIPA as detailed herein.

51. **Adequacy (Rule 23(a)(4))**. Plaintiff will fairly and adequately represent and protect the interests of the Class Members. Plaintiff has retained counsel competent and experienced in complex class actions.

52. **Injunctive and Declaratory Relief (Rule 23(b)(2))**. Class certification of the Rule 23 claims is appropriate under Rule 23(b)(2) because Instacart acted or refused to act on grounds generally applicable to the Class Members, making appropriate declaratory relief with respect to the Class Members as a whole.

53. **Predominance and Superiority of Class Action (Rule 23(b)(3))**. Class certification of the Rule 23 claims is also appropriate under Rule 23(b)(3) because questions of law and fact common to the Class Members predominate over questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Instacart's common and uniform policies and practices illegally deprived Plaintiff and the Class Members of the privacy protections which BIPA seeks to ensure; thus, making the question of liability and damages much more manageable and efficient to resolve in a class action, compared to hundreds of individual trials. The damages suffered by individual Class Members are small compared to the expense and burden of individual prosecution. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Instacart's practices.

54. Plaintiff intends to send notice to all Class Members to the extent required by Fed. R. Civ. P. 23.

## COUNT ONE: VIOLATION OF 740 ILCS § 14/15(a)

### (Brought by Plaintiff on behalf of herself and the Class Members)

55. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

56. A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first. Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines. 740 ILCS § 14/15(a).

57. Instacart collected Plaintiff's and the Class Members facial geometries which qualifies as biometric information as defined by BIPA.

58. At all relevant times, Instacart had no written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric information when the initial purpose for collecting or obtaining such biometric information has been satisfied or within 3 years of the individual's last interaction with Instacart, whichever occurs first.

59. Ostensibly, the purpose of Instacart's collection of Plaintiff's and the Class Members' facial geometry was to verify Plaintiff's and the Class Members' identifiers prior to their logging on to the app to work as a Shopper for Instacart at any given time.

60. As such, Plaintiff's and the Class Members' verification photos should have been permanently destroyed by Instacart immediately following each verification of Plaintiff's and the Class Members identities.

61. Moreover, Plaintiff's and the Class Members' uploaded state issued identification and profile image should have been permanently deleted no later than time that Plaintiff and the Class Members ceased working for Instacart as Shoppers

62. However, Instacart failed to permanently destroy Plaintiff's and the Class Members' facial geometry as required by law:

> **c. Retention and destruction of profile information**
>
> Profile Images are retained for three years after the end of a Shopper's engagement with Instacart or as permitted by law. Verification Images are stored for 30 days after creation. Note that Instacart also stores a copy of the Profile Image in each Shopper's user profile until it is deleted by Instacart. Instacart does not use this copy for biometric verification purposes.

63. In fact, Instacart's retention and destruction policy makes no mention of when it will destroy its Shopper's facial geometry data, makes no mention of when Instacart will permanently destroy its Shopper's government issued ID images, and concedes that Instacart retains verification photos for thirty (30) days beyond the satisfaction of the initial purpose of collecting the same.

64. As such, Instacart's retention of Plaintiff's and the Class Members' biometric information was unlawful and in violation of 740 ILCS § 14/15(a).

## COUNT TWO: VIOLATION OF 740 ILCS § 14/15(b)

### (Brought by Plaintiff on behalf of herself and the Class Members)

65. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

66. No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first:

> (1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>
> (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative. 740 ILCS § 14/15(b).

67. Instacart did not inform Plaintiff and the Class Members in writing that Instacart was collecting or storing their biometric information.

68. Instead, Instacart simply instructed Plaintiff to upload her state issued identification form, avatar photograph, and periodic verification photos as part of the onboarding and day-to-day job duties working as Shopper for Instacart.

69. Moreover, Instacart did not inform Plaintiff and the Class Members in writing of the specific purpose and length of term for which their biometric information was being collected, stored, and used.

70. Instacart collected, stored, and used Plaintiff's and the Class Members' biometric information without ever receiving a written release executed by Plaintiff and the Class Members which would consent to or authorize Instacart to do same.

71. As such, Instacart's collection of Plaintiff's and the Class Members' biometric information was unlawful and in violation of 740 ILCS § 14/15(c).

## COUNT THREE: VIOLATION OF 740 ILCS § 14/15(c)

**(Brought by Plaintiff on behalf of herself and the Class Members)**

72. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

73. No private entity in possession of a biometric identifier or biometric information may sell, lease, trade, or otherwise profit from a person's or a customer's biometric identifier or biometric information. 740 ILCS § 14/15(c).

74. Instacart has sold, leased, traded, or otherwise profited from Plaintiff's and the Class Members' biometric information. 740 ILCS § 14/15(c).

75. Any and all revenue or profits which Instacart obtained as a result of Plaintiff's working for Instacart as a Shopper were predicated upon Plaintiff providing Instacart with her biometric information and Instacart's storage or retention of same.

76. While discovery will ascertain all of the ways in which Instacart has used Plaintiff's and the Class Members' biometric information, Instacart uses Plaintiff's and the Class Members' biometric information for business purposes, in furtherance of their business interests, and for more specific profit-driven activities such as analytics and research.

77. Instacart's selling of, leasing of, trading of, or otherwise profiting from Plaintiff's and the Class Members' biometric information is unlawful and in violation of 740 ILCS § 14/15(c).

## COUNT FOUR: VIOLATION OF 740 ILCS § 14/15(d)

**(Brought by Plaintiff on behalf of herself and the Class Members against all Defendants)**

78. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

79. No private entity in possession of a biometric identifier or biometric information may disclose, redisclose, or otherwise disseminate a person's or a customer's biometric identifier or biometric information unless:

> (1) the subject of the biometric identifier or biometric information or the subject's legally authorized representative consents to the disclosure or redisclosure;
>
> (2) the disclosure or redisclosure completes a financial transaction requested or authorized by the subject of the biometric identifier or the biometric information or the subject's legally authorized representative;
>
> (3) the disclosure or redisclosure is required by State or federal law or municipal ordinance; or
>
> (4) the disclosure is required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction. 740 ILCS § 14/15(d).

80. While discovery will ascertain all of the ways in which Instacart disclosed, redisclosed, or otherwise disseminated Plaintiff's and the Class Members' biometric information, Instacart disclosed, redisclosed, or otherwise disseminated Plaintiff's and the Class Members' biometric information to numerous third parties.

81. Instacart's disclosures, redisclosures, or otherwise disseminating of Plaintiff's and the Class Members' biometric information was unlawful and in violation of 740 ILCS § 14/15(d).

## **PRAYER FOR RELIEF**

**WHEREFORE**, individually, and on behalf of the Class Members, Plaintiff prays for: (1) certification of this case as a class action pursuant to Fed. R. Civ. P. 23 appointing the undersigned counsel as class counsel; (2) a declaration that Instacart has violated BIPA, 740 ILCS 14/1 *et seq*.; (3) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740

ILCS 14/20(1) in the event the court finds that Instacart's violations of BIPA were not willful; (4) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); (5) actual damages; and (6) for any other relief the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff and the Class Members hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal Constitutional right to a jury trial.

Dated: October 18, 2025

Respectfully submitted,

By: */s/ Michael L. Fradin*
Michael L. Fradin, Esq.
8401 Crawford Ave., Ste.104
Skokie, IL 60076
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com

By: */s/ James L. Simon*
James L. Simon (*pro hac vice* forthcoming)
Simon Law Co.
11 ½ N. Franklin Street
Chagrin Falls, Ohio 44022
Telephone: (216) 816-8696
Email:  james@simonsayspay.com